**SO ORDERED.**

**SIGNED this 10 day of August, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

JESSE NEGRETE and                              CASE NO. 07-00540-8-JRL
JOYCE NEGRETE.                                             Chapter 7

       DEBTORS.
_____

ORDER

This matter is before the court on the female debtor's motion for sanctions. A hearing on this matter was held on August 4, 2009 in Greenville, North Carolina.

BACKGROUND

The debtor's filed for relief under Chapter 13 of the Bankruptcy Code on February 15, 2007. Subsequently, on February 28, 2008, the case was converted to a Chapter 7. Currituck Sports was listed as an unsecured creditor in the debtor's case. On June 4, 2008, the debtors were granted a discharge. At the time of the bankruptcy, the female debtor worked in the landscaping business, owning a company called Landscapes by Joyce.

In connection with her landscaping business, the female debtor had an ongoing business relationship with Sybil O'Neal ("O'Neal"), the owner of Currituck Sports ("Currituck"). The terms of the relationship were that Currituck, for a fee, would cash checks for the female debtor.

If a check from one of the landscaping clients bounced, the female debtor would reimburse Currituck from her personal account over time. On one such occasion, the female debtor wrote two checks from her personal bank account in the amounts of $1,700.00 and $5,097.95. Unbeknownst to the female debtor, the male debtor had withdrawn all of the money from the bank account, after which the bank closed the account.

The female debtor attempted to make good on the checks by paying O'Neal any extra earnings she had weekly; however, her landscaping business had begun to falter.  Eventually, the debtors  filed for bankruptcy hoping to reorganize their debt while maintaining the business. When the debtors received their discharge under Chapter 7, the debt owing to Currituck was erased.  However, On June 19, 2008, agents of Currituck caused to be issued against the female debtor a criminal summons for misdemeanor worthless check presentment and a warrant for her arrest for obtaining property by false pretenses.  Thereafter, the Sheriff of Currituck County arrested the female debtor and escorted her to the local Magistrate's office where she was required to post a bond for her release.  The criminal charges remain pending.

Since the discharge of the bankruptcy case, the debtors have separated.  The female debtor, while still trying to rebuild her landscaping business, found stable employment at a Food Lion grocery store.  After the criminal charges were filed, however, she was discharged from her job.  At the hearing, the female debtor asserted that in addition to suffering a financial loss as a result of the criminal proceedings, she also experiences emotional strain.  Besides the embarrassment of being arrested at her home, the female debtor stated that she no longer sleeps well due to constant worry about possible incarceration.

DISCUSSION

Pursuant to 11 U.S.C. § 524(a), a discharge acts as an injunction against the "commencement or continuation of an action. . . to collect, recover or offset any such debt." As enumerated by the Fourth Circuit, a permanent injunction against debt collection following a discharge is to "effectuate one of the primary purpose of the Bankruptcy Code, to afford the debtor a financial fresh start." In re Cherry, 247 B.R. 176, 182 (2000). It was also noted that the language of § 524 was carefully written to provide a clear understanding about the "prohibition on debt collection efforts. . . to ensure that once a debt is discharged, the debtor will not be pressured in any way to repay it." Id.

While this matter may seem straightforward, there is in fact more complexity to the case at hand. The debtor has requested not only that the court impose monetary sanctions against Currituck, but also for the enjoining of the criminal cases pending against her in Currituck County. This court has recognized that, regardless of when and if a bankruptcy court may exert its powers to interrupt criminal proceedings, a *creditor* pursuing criminal charges is not afforded the same protections as a governmental prosecutor. In re Byrd, 256 B.R. 246, 251 (Bankr. E.D.N.C. 2000). Bankruptcy proceedings have built-in protections for creditors who are owed monies. Therefore, creditors must work within the confines of the bankruptcy system if they believe they have been wronged by the debtor. Here, Currituck, although aware of the bankruptcy and noticed as a creditor, failed to appear before the court during the debtor's bankruptcy case to prove that it had been defrauded. Currituck has done exactly what Byrd so aptly observed as a violation of the discharge injunction:

> "once a debtor files a petition for bankruptcy, a disgruntled creditor may not then approach a governmental prosecutorial entity in order to prompt a criminal action to

3

> recover the debt.  If the creditor already has complained to authorities by the time a petition is filed, those authorities may commence or continue a criminal prosecution. . . as they see fit.  But if the debtor files for bankruptcy before a creditor complains to prosecuting authorities, that complaint . . . may constitute a violation of the automatic stay or discharge injunction." Byrd at 252.

Had Currituck initiated the summons and warrant against the female debtor at any point prior to the bankruptcy petition, a different outcome would result.  However, as it is, Currituck has run badly afoul of the Bankruptcy Code and sanctions are appropriate.

Enjoining of the pending criminal proceedings, however, is a much more delicate matter. While the court hereby enjoins Currituck from any further participation in criminal proceedings against the debtor, a permanent injunction against the District Attorney for Currituck County would be procedurally inappropriate at this time.   Initially the court concluded that such a remedy would be available to the debtor, further inquiry, however, reveals otherwise.  It is axiomatic that a an entity not a party to a proceeding may not be subjected to an injunction.  This is particularly so in the delicate area of state criminal proceedings where questions of federalism arise.  As this court previously noted, "The court is mindful of the strong interests in state sovereignty, and the many practical and theoretical pitfalls that arise when courts examine or challenge prosecutorial motive." Byrd at 250.  At present, the court declines to address any matter pertaining to the enjoining of the criminal proceedings in Currituck County.  The District Attorney of Currituck County, a necessary party, was not noticed or present at the time of hearing.  Furthermore, should the debtor choose to proceed against the County, it must do so through an adversary proceeding pursuant to B. R. 7001(7).

Based on the foregoing, the motion for sanctions is ALLOWED. Damages in the amount of $5,000.00 and attorney's fees in the amount of $3,000.00, are assessed against Currituck Sports in favor of the female debtor, and Currituck Sports is enjoined from further participation in the pending criminal cases against the debtor.

END OF DOCUMENT